## GREENOUGH vs. BALCH & al.

Where one, being indebted on the books of a lottery ticket vender for tickets in various lotteries, some of which might lawfully be sold and others not, made a remittance of money to be passed to his general credit, exceeding the amount he then owed; and afterwards made further purchases which were lawful, and which were entered in the same account, it being still open, bringing him again in debt; and the account was then settled by his note for the balance;—it was held that the remittance having been intended to apply to all the charges on book, illegal as well as legal, the parties, as to that part of the transaction were *in pari;* and the law would not lend its aid to the defendant to recover back the amount paid for the tickets illegally sold, by suffering those charges to affect the validity of the note; which was therefore to be regarded as given for the balance of the subsequent and legal charges.

This was an action of *assumpsit* on a promissory note; and came before the court on a motion to take off a default, in a case reported by the chief justice, before whom it was opened for trial.

The plaintiff was a vender of lottery tickets, and had sold a large amount to the defendants, which were charged in account, some of the tickets being in lotteries authorized by the laws of this State, and others being in lotteries granted by other States, and therefore sold here contrary to the statute. On the 15th day of *March* 1826, the defendants remitted a large sum of money to the plaintiff which was placed to their credit, amounting to more than the charges then standing against them by about five hundred dollars. The account still continued open and current, the defendants making other purchases which were not unlawful, till *July* 14, 1827; when it was settled by a note given by the defendants for the balance of five hundred and forty dollars then due from them to the plaintiff. This note was partly paid, and then taken up by substituting a new note for $258, 50, bearing date *July* 11, 1828, which was sued in the present action. No foreign tickets were charged after *March* 15, 1826.

*Allen,* for the defendants, considered the account as open and unsettled till *July* 14, 1827, when the first note was given; and argued that as there had been no specific appropriation of the money

previously paid to the plaintiff, it was applicable equally to the whole body of the debits; and some of these being in violation of the statutes, the whole transaction was infected with illegality, and the note was void. In support of this position he cited *Bliss v. Negus*, 8 *Mass.* 46 ; 2 *Stark. Ev.* 283; *Scott v. Gilmore*, 3 *Taunt.* 226 ; *Hunt v. Knickerbocker*, 5 *Johns.* 326 ; *Featherstone v. Hutchinson*, *Cro. El.* 199 ; *Greenwood v. Curtis*, 4 *Mass.* 93; 6 *Mass.* 358 ; *Wheeler v. Russell*, 17 *Mass.* 258 ; *Springfield Bank v. Merrick*, 14 *Mass.* 322 ; *Law v. Hodson*, 11 *East*, 300 ; *Patton v. Nicholson*, 3 *Wheat.* 204 ; *Craig v. Missouri*, 4 *Pet.* 410, 436 ; *Mitchell v. Smith*, 4 *Dal.* 269 ; *Maybin v. Coulon*, 4 *Dal.* 298 ; 2 *Stark. Ev.* 87.

*Ruggles*, for the plaintiff.

WESTON J. delivered the opinion of the Court at the ensuing term in *Kennebec*.

The position, taken by the counsel for the defendants, that if a part of the consideration for a promise be fraudulent, unlawful or immoral, the promise is void, is undoubtedly law, and is well supported by the authorities cited. Nor are we disposed to find fault with the doctrine, that where the consideration, or a part of it, is *malum prohibitum*, it vitiates and invalidates the promise, as much as if it had been *malum in se;* both being unlawful, and neither entitled to favor or indulgence. In order to apply the principle to the case before us, it must be made to appear that some portion of the consideration of the note in question was unlawful. The sale of tickets not authorized by a law of this State, was illegal ; and if the note was given in part for tickets of this description, it cannot be recovered.

Prior to the fifteenth of *March*, 1826, there was due from the defendants to the plaintiff, a balance of about three hundred dollars, on an account, in which there was charged to him foreign tickets to a considerable amount. On or before that day, the defendants sent to the plaintiff, to be credited on account, about eight hundred dollars, which left a balance in their favor of five hundred dollars. We

Greenough *v.* Balch.

must regard so much of this as was necessary for this purpose, as paid in discharge of the balance before existing against the defendants. The report states that the tickets, delivered prior to that period, were thus paid for. The plaintiff had a right so to appropriate the money ; nor did the defendants, at the time they sent it, or at their final settlement, claim to have it differently appropriated. It does not present a case, in which a question may arise, to which of several debts, a payment had been applied. If the defendants had been indebted to the plaintiff, on lawful charges, to the full amount of the money forwarded, although he gave no directions at the time, he might perhaps have insisted that it should be so applied. But as it overpaid every species of demand which the plaintiff claimed, there can be no ground of controversy upon this point.

There was no liquidation of accounts in form between the parties, on the fifteenth of *March* 1826, but on that day the plaintiff was the debtor of the defendants. The balance was subsequently changed by new items of charge on the part of the plaintiff, liable to no legal objection. And for the balance thus subsequently accruing, the note, for which the one in question was in part substituted, was given. Upon the facts, it cannot admit of question but that the defendants, on the fifteenth of *March* 1826, intended to pay and did pay for the tickets unlawfully sold, and although not compellable by law to make the payment, they have no legal title to reclaim it. They were equally guilty with the plaintiff in violating the law, which will lend its aid to neither, either in enforcing contracts of this description, or in recovering back the consideration upon which they may be founded. Besides, in this case the defendants have as little claim in equity as at law, for they had the full value of the charges, which they think proper at this late period to dispute, after having once paid for them, and after having subsequently given a note at two successive times, on account of lawful tickets, afterwards purchased. The accounts being kept in continuation, does not change the principle.

In *Maybin v. Coulon,* 4 *Dall.* 298, the court express a wish that the sum reported to be due from one of the parties, could be distinguished from the general mass of illicit transactions ; which they

LINCOLN.

pronounce impossible, and therefore refused to sustain an award made in favor of one of the parties. It is otherwise here. It manifestly appears that the new balance, after *March* 1826, in favor of the plaintiff, arises from lawful charges, and to these the consideration of the note must be referred. The motion to take off the default is overruled.